## CIRCUIT COURT OF FAIRFAX COUNTY

Virginia Department
of Transportation

v.

Fairbrook Business Park
Associates et al.

November 19, 1990

Case No. (Law) 96674

By JUDGE ROSEMARIE ANNUNZIATA

I have reviewed petitioner's Interrogatories and the Objections filed by defendants, together with the relevant case law pertaining to evidence which is properly considered in an eminent domain proceeding. It is my conclusion that petitioners' motion to compel answers to Interrogatories numbers 4, 7, 8, 9A, 9B, 9C, 9C(1), 9C(2), 10, 10A, 10B, 10C, 10D, 11 and 12 should be granted. With respect to Interrogatory no. 8 and the related sequential interrogatories, note that defendants need only name those experts they expect to call as an expert witness at trial. Rule 4:1(b)(4)(A)(i).

I believe discovery regarding the grounds for support of an expert's opinion is appropriate. *See generally* discussion in Michie's Jurisprudence, *Eminent Domain*, sect. 88 (Admissibility, Evidence); *see also City of Staunton v. Aldhizer*, 211 Va. 658, 665 (1971); *West Virginia Dept. of Hwys. v. Sickles*, 242 S.E.2d 567 (W. Va. 1978); *West Virginia Dept. of Hwys. v. Brumfield*, N. 2, 295 S.E.2d 917, 920 (W. Va. 1982); 27 Am. Jur. 2d, *Eminent Domain*, sect. 425 (Expert and Opinion Evidence). These treatises and cases stand for the proposition that the bases of the

expert's opinion should be fully explored by the court, so it may determine admissibility of the expert's opinion testimony, as well as by the Commissioners, so they may arrive at a fair award. *A fortiori,* counsel should have the opportunity to fully explore, examine, and cross-examine expert witnesses regarding the basis of their opinions. *See L'Etoile v. Director of Public Works,* 153 A.2d 173 (R.I. 1959). I also note that, while it is clear that assessed value of the property is not admissible, Michie's *supra* at 164; *United States v. Certain Parcels of Land in Arlington County,* 261 F.2d 287 (4th Cir. 1958), I believe the information sought may lead to admissible evidence. *See* 27 Am. Jur. 2d at 354; *United States v. Certain Parcels of Land in Arlington County,* 261 F.2d at 289-290, citing Lewis on Eminent Domain (3rd Ed.), sect. 668, and 22 C.J. 178.

Accordingly, defendant shall respond to petitioners' interrogatories which are the subject of this Motion to Compel and which are referenced above, by December 7, 1990. Petitioners' prayer for sanctions, attorneys' fees, and costs is denied.